IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND JOINT COOPERATION TRUST FUNDS,<br><br>Plaintiffs,<br><br>v.<br><br>RITE-WAY CONSTRUCTION SERVICES, INC., n/k/a RITEWAY-HUGGINS CONSTRUCTION SERVICES, INC., an Illinois corporation,<br><br>Defendant. | FILED: AUGUST 8, 2008<br>08CV4500<br>JUDGE GOTTSCHALL<br>MAGISTRATE JUDGE COLE<br>EDA<br><br>No.<br><br>Judge |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP AND JOINT COOPERATION TRUST FUNDS, by their attorneys, DONALD D. SCHWARTZ, JAMES R. ANDERSON, ANTHONY B. SANDERS, and ARNOLD AND KADJAN, complain against the Defendant, **RITEWAY CONSTRUCTION SERVICES, INC., n/k/a RITEWAY-HUGGINS CONSTRUCTION SERVICES, INC., ("RITEWAY")**, as follows:

### COUNT I

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. 185(a), and Section 502 of the Employee Retirement Security Act (ERISA) of 1974, as amended, 29 U.S.C. Section 1132(e)(1), 1145 and 28 U.S.C.

Section 1331.

2.　　The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e) as the Plaintiffs Funds are administered here in this judicial district.

## The Parties

3.　　The Plaintiffs are the Trustees of the Chicago Painters and Decorators Pension, Welfare, Savings, Apprenticeship, Scholarship, and Joint Cooperation Trust Funds ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section1132(d)(1).

4.　　The Funds have been established pursuant to Collective Bargaining Agreements previously entered into between the Painters' District Council No. 14 and its affiliated locals (the "Union"), and certain employer associations whose employees are or were covered by one or more Collective Bargaining Agreements with the Union.

5.　　The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provisions of the Collective Bargaining Agreements and Declarations of Trust ("Trust Agreements") which established the Funds.

6.　　Defendant, **RITEWAY CONSTRUCTION SERVICES, INC. ('RITEWAY")**, an Illinois corporation, was an employer engaged in an industry affecting commerce. Since on or about **October 11, 1991**, **RITEWAY** entered into a Collective Bargaining Agreement with the Union ("Labor Agreement") whereby **RITEWAY** agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. A copy of the agreement is attached as Exhibit "A." **RITEWAY** changed its name to

**RITEWAY-HUGGINS CONSTRUCTION, INC.** in September, 2003 and is commonly referred to as **RITEWAY**.

### The Agreements

7. Pursuant to the provisions of the Labor Agreement, **RITEWAY** is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, **RITEWAY** is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8. Under the terms of the Labor Agreement and Trust Agreements to which it is bound, **RITEWAY** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **RITEWAY** is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require **RITEWAY** to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

### The Claim

9. **RITEWAY** has breached the provisions of the Labor Agreement and Trust Agreements by failing to pay reports and contributions for the period June, 2007 and February, 2008 through the present; by failing to pay the liquidated damages owed for the work month of June, 2006 in the amount of $889.39; and by failing to pay all of the contributions owed for an audit for the period from July 1, 2005 through October 31, 2007 in an amount not presently ascertainable but, on information and belief, is at least $ 12,778.14.

10. Pursuant to the provisions of the Labor Agreement and Trust Agreements, **RITEWAY** is required to pay liquidated damages, auditor fees and all attorneys's fees and court costs incurred by the Funds in the collection process.

11. Plaintiffs have complied with all conditions precedent in bringing this suit.

12. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **RITEWAY.**

13. **RITEWAY** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132 (g)(D).

14. Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

(i) interest on the unpaid contributions; or

(ii) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

## Relief Sought

WHEREFORE, Plaintiffs pray for relief as follows:

A. That judgment be entered in favor of Plaintiffs and against **RITEWAY** in the amount shown to be due on the audit and for any unpaid accumulated liquidated damages.

B. That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the Labor Agreement and Trust Agreements and 29 .U.S.C. Section 1132(g);

C. That **RITEWAY** be enjoined from violating the terms of the Labor Agreement and Trust Agreements by failing to make timely payments to the Funds and to be ordered to resume making those payments;

D That **RITEWAY** be ordered to submit to discovery of corporate records and assets to determine if grounds exist to pierce the corporate veil and so obtain individual liability of the officers of **RITEWAY;**

E. That this Court retain jurisdiction of this matter to supervise enforcement of any resulting money judgment and further supplementary proceedings against **RITEWAY;**

F. That this Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

TRUTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, et al,

S/James R. Anderson
One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
ANTHONY B. SANDERS
ARNOLD AND KADJAN
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

5

EXHIBIT A

EXHIBIT A

Date signed: 5-12-__, 19__

6-1-88 PAINTERS - NEW

5-31-91-

# PAINTERS' DISTRICT COUNCIL #14
## MEMORANDUM OF JOINT WORKING AGREEMENT

It is hereby stipulated and agreed by and between RITE WAY CONSTRUCTION SERVICES INC., hereinafter called the "Employer", and the PAINTERS' DISTRICT COUNCIL #14, hereinafter called the "Union", encompassing the geographical areas of the Counties of Cook & Lake, including, but not limited to, the City of Chicago, that:

1. The Employer hereby recognizes the Union as the sole and exclusive bargaining representative of all the Employer's employees performing work within the craft and geographical jurisdiction of the Union as the same exists as of the date hereof and including any such additional work or geographic area over which the Union may hereafter acquire jurisdiction with respect to Wages, Hours, and other terms and conditions of employment.

2. The Employer affirms and adopts the Collective Bargaining Agreements between the Union and either the PAINTING & DECORATING CONTRACTORS' ASSOCIATION, CHICAGO CHAPTER, or GYPSUM DRYWALL CONTRACTORS OF NORTHERN ILLINOIS/CHICAGOLAND ASSOCIATION OF WALL & CEILING CONTRACTORS, and hereby reaffirms and reestablishes his continuing obligation with respect to all such provisions together with all Amendments thereto.

3. The Employer agrees to pay the amounts which (he)(it) is bound to pay under said Collective Bargaining Agreements to the "CHICAGO PAINTERS & DECORATORS WELFARE FUND, CHICAGO PAINTERS & DECORATORS PENSION FUND, CHICAGO PAINTERS & DECORATORS APPRENTICESHIP FUND, or CHICAGO DRYWALL FINISHERS JOINT APPRENTICESHIP FUNDS", to become bound by and be considered a part of the Agreements and Declarations of Trust creating said TRUST instrument of the Employer Trustees who shall, together with their successor Trustees, designated in the manner provided in said Agreements and Declarations of Trust and jointly with an equal number of Trustees appointed by the Union, carry out the terms and conditions of the Trust instruments.

The Employer affirms and reestablishes that all prior contributions paid to the Welfare & Pension Funds were made by duly authorized agents of the Employer at the proper rates for the appropriate periods of time and that by making said prior contributions, the Employer evidences the Bargaining Agreements which were operative at the time the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the Employer to the applicable Agreements.

4. The Employer agreed to pay the following hourly rate for the period JUNE 1, 1988, through MAY 31, 1991, and all changes thereafter, as negotiated between the Union and the Associations:

**P.D.C.A. and G.D.C.N.I./C.A.W.C.C.A.**
JOURNEYMANS WAGES
6/ 1/88 to 5/31/89 - $18.80 per hour.
6/ 1/89 to 5/31/90 - $19.55 per hour.
6/ 1/90 to 5/31/91 - .85 per hour, to be allocated by Union, between Wages & Fringes

**P.D.C.A. and G.D.C.N.I./C.A.W.C.C.A.**
WELFARE FUND
6/ 1/88 to 5/31/89 - $1.60 per hour
6/ 1/89 to 5/31/90 - $1.60 per hour
6/ 1/90 to 5/31/91 - as per negotiated Agreement.

**P.D.C.A. and G.D.C.N.I./C.A.W.C.C.A.**
PENSION FUND
6/ 1/88 to 5/31/89 - 85¢ per hour
6/ 1/89 to 5/31/90 - 95¢ per hour
6/ 1/90 to 5/31/91 - as per negotiated Agreement.

**P.D.C.A. and G.D.C.N.I./C.A.W.C.C.A.**
DEFERRED SAVINGS FUND
6/ 1/88 to 5/31/89 - 30¢ per hour
6/ 1/89 to 5/31/90 - 40¢ per hour
6/ 1/90 to 5/31/91 - as per negotiated Agreement.

P.D.C.A. - APPRENTICE FUND - 15¢ PER HOUR - 6/1/88 through 5/31/91

G.D.C.N.I./C.A.W.C.C.A. - APPRENTICE FUND - 16¢ PER HOUR - 6/1/88 thru 5/31/

(over)


EXHIBIT A

5-31-91

5. The parties agree that the Employer is part of a single Bargaining Unit made up of all Employers party to the master Agreement adopted herein.

6. This Agreement shall remain in full force and effect through MAY 31, 1991, and shall continue thereafter for the life of the newly negotiated area wide Association Agreement, unless either party hereto gives written notice to the other by REGISTERED or CERTIFIED MAIL, not less than 60 days nor more than 90 days prior to MAY 31, 1991, of the desire to modify or amend this Agreement through negotiations. Notice to modify shall not be considered notice to terminate.

7. In the absence of such notice, the Employer and the Union agree to be bound by the terms of the area wide negotiated Association Agreement incorporating them herein and extending the term of this Agreement for the life of the newly negotiated area wide Agreement.

8. The Employer acknowledges and accepts the facsimile signatures on this Contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

IN WITNESS WHEREOF, and in consideration of the mutual promise of the parties hereto, and with any good and valuable consideration, this Memorandum of Joint Working Agreement was entered into this 13th day of MARCH, 1989.

PAINTERS' DISTRICT COUNCIL #14

EMPLOYER:
BY: X [signature] /s/ Larry Huggins (Pres)
(Signature and Title)

BY: [signature]

LARRY HUGGINS (PRES.)
(PRINT Name above)

FIRM: RITEWAY CONSTRUCTION SERVICES INC.
(PRINT)

ADDRESS: 11454 S. FOREST
(Print)

PHONE: 660-1612

CHICAGO         ILL.        60628
(CITY)         (STATE)      (ZIP)

(Ill. State Unemp. No.)

U.S. INS. GROUP
(Insurance Company Name)

NEW
(If signed Contract before:
 (Date/Name)

W.C. 467039670
(Policy No.)

EXPIR. 10-26-89
(Dated)

(Local Union)

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
(Social Security Number)

(Proof of Corporation)
( ) YES    (X) NO

(W.W.C. OK
W. BOND)