IN THE UNITES STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, SAVINGS, APPRENTICSHIP, SCHOLARSHIP, AND JOINT COOPERATION TRUST FUNDS, | ) ) ) ) ) | 08 CV 4500 |
| Plaintiffs, | ) ) | Judge Gotschall |
| vs. | ) ) ) ) | Magistrate Judge Cole |
| RITE-WAY CONSTRUCTION SERVICES, INC., n/k/a RITEWAY-HUGGINS CONSTRUCTION SERVICES, INC., an Illinois corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT RITEWAY-HUGGINS CONSTRUCTION
SERVICES, INC.'S ANSWER TO THE COMPLAINT**

Defendant Riteway-Huggins Construction Services, Inc., by its attorney, James X.

Bormes, for its Answer to the Complaint states as follows:

**I. Jurisdiction and Venue**

1.      This Court has subject matter jurisdiction pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. 185(a), and Section 502 of the Employee Retirement Security Act (ERISA of 1974, as amended, 29 U.S.C. Section 1132(e)(1), 1145 and 28 U.S.C. Section 1331.

**ANSWER:** Defendant admits the allegations in Paragraph 1.

2.      The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e) as the Plaintiffs Funds are administered here in this judicial district.

**ANSWER:** Defendant admits the allegations in Paragraph 2.

**The Parties**

3.	The Plaintiffs are the Trustees of the Chicago Painters and Decorators Pension, Welfare, Savings, Apprenticeship, Scholarship, and Joint Cooperation Trust Funds ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Sectionl132(d)(l).

**ANSWER:** Defendant admits the allegations in Paragraph 3.

4.	The Funds have been established pursuant to Collective Bargaining Agreements previously entered into between the Painters' District Council No. 14 and its affiliated locals (the "Union"), and certain employer associations whose employees are or were covered by one or more Collective Bargaining Agreements with the Union.

**ANSWER:** Defendant admits the allegations in Paragraph 4.

5.	The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provisions of the Collective Bargaining Agreements and Declarations of Trust ("Trust Agreements") which established the Funds.

**ANSWER:** Defendant admits the allegations in Paragraph 5.

6.	Defendant, RITEWAY CONSTRUCTION SERVICES, INC. ('RITEWAY"), an Illinois corporation, was an employer engaged in an industry affecting commerce. Since on or about October11, 1991, RITEWAY entered into a Collective Bargaining Agreement with the Union ("Labor Agreement") whereby RITEWAY agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. A copy of the agreement is attached as Exhibit "A." RITEWAY changed its name to RITEWAY-HUGGINS CONSTRUCTION, INC. in September, 2003 and is commonly referred to as RITEWAY.

**ANSWER:** Defendant admits the allegations in Paragraph 7.

## The Agreements

7. Pursuant to the provisions of the Labor Agreement, RITEWAY is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, RITEWAY is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

**ANSWER:** Defendant admits the allegations in Paragraph 7.

8. Under the terms of the Labor Agreement and Trust Agreements to which it is bound, RITEWAY is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not RITEWAY is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require RITEWAY to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

**ANSWER:** Defendant admits the allegations in the first sentence of Paragraph 8 and denies

the allegations in the second sentence of paragraph 8.

## The Claim

9. RITEWAY has breached the provisions of the Labor Agreement and Trust Agreements by failing to pay reports and contributions for the period June, 2007 and February, 2008 through the present; by failing to pay the liquidated damages owed for the work month of June, 2006 in the amount of $889.39; and by failing to pay all of the contributions owed for an audit for the period from July 1, 2005 through October 31, 2007 in an amount not presently ascertainable but, on information and belief, is at least $12,778.14.

**ANSWER:** Defendant denies the allegations in Paragraph 9.

10. Pursuant to the provisions of the Labor Agreement and Trust Agreements, **RITEWA Y** is required to pay liquidated damages, auditor fees and all attorneys' fees and court costs incurred by the Funds in the collection process.

**ANSWER:** Defendant admits the allegations in Paragraph 10.

11. Plaintiffs have complied with all conditions precedent in bringing this suit.

**ANSWER:** Defendant admits the allegations in Paragraph 11.

12. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from RITEWAY.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the truth of the

allegations in Paragraph 12.

13. RITEWAY is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132 (g)(D).

**ANSWER:** Defendant admits the allegations in Paragraph 13.

14. Pursuant to 29 U.S.C. Section l 132(g)(2)(C),Plaintiffs are entitled to an amount equal to the greater of:
   (i) interest on the unpaid contributions; or

**ANSWER:** Defendant admits the allegations in Paragraph 14(i).

   (ii) liquidated damages provided for under the Trust
        Agreements not in excess of 20% of the amount that is
        due.

**ANSWER:** Defendant admits the allegations in Paragraph 14(ii).

WHEREFORE, Defendant Riteway-Huggins Construction Services, Inc. prays for entry of a judgment in its favor and for such further relief the Court deems equitable and just.

                                               **RITEWAY-HUGGINS**
                                               **CONSTRUCTION SERVICES, INC.**

                                               By: s/James X. Bormes____
                                                    Defendant's attorney

James X. Bormes
LAW OFFICE OF JAMES X. BORMES, P.C.
8 South Michigan Avenue
Suite 2600
Chicago, IL 60603
(312) 201-0575

5

Case 1:08-cv-04500 Document 11 Filed 09/03/2008 Page 6 of 6

6